# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

DANIEL MCGLONE

MAGISTRATE'S COURTROOM MINUTES

MAGISTRATE NO.: 07-3025-01(PS)

DATE OF PROCEEDINGS: 2/22/07

DATE OF ARREST: ______

PROCEEDINGS: Initial Appearance-Rule 5

( ) COMPLAINT
(x) ADVISED OF RIGHTS
( ) WAIVER OF COUNSEL
(✓) APPT. OF COUNSEL: ✓ AFPD __ CJA *for today's purposes*
( ) WAIVER OF HRG.: __ PRELIM __ REMOVAL
( ) CONSENT TO MAGISTRATE'S JURISDICTION
( ) PLEA ENTERED: __ GUILTY __ NOT GUILTY
( ) PLEA AGREEMENT DATED ______
(x) FINANCIAL AFFIDAVIT EXECUTED
( ) OTHER ______

( ) ORDER OF RELEASE
( ) TEMPORARY COMMITMENT
( ) SENTENCE
( ) BOND REVIEW
( ) ARREST WARRANT TO ISSUE
(x) BAIL SET: *$500,000.00 secured by the available equity in property Acceptable to P/S*
(x) TRAVEL RESTRICTED *to NJ & Rhode Island*
(x) REPORT TO PRETRIAL SERVICES *for court purposes*
(x) DRUG TESTING AND/OR TREATMENT
(x) SURRENDER &/OR OBTAIN NO PASSPORT
( ) OTHER *+ $100,000 cash to be posted*

HEARING(S) SET FOR:

( ) PRELIMINARY / REMOVAL HRG. DATE: ______
( ) DETENTION / BAIL HRG. DATE: ______
( ) TRIAL: __ COURT __ JURY DATE: ______
( ) SENTENCING DATE: ______
( ) OTHER: ______ DATE: ______

APPEARANCES:

AUSA Shana Chen

DEFT. COUNSEL ~~Daniel Walsh, Esq.~~ *Kevin Carlucci*

PROBATION ______

INTERPRETER ______
Language: ( )

Time Commenced: *3:32*
Time Terminated: *3:50*
Adjourned to:
CD No: *507-1*
Court Reporter: ______

*Amy Andersonn*
DEPUTY CLERK

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

V.

DANIEL MCGLONE
Defendant

**WAIVER OF RULE 5 & 5.1 HEARINGS**
(Complaint/Indictment)

CASE NUMBER: 07-3025-01(PS)

CHARGING DISTRICTS CASE NUMBER: 07-22-01S

I understand that charges are pending in the ______ District of Rhode Island

alleging violation of Title 18 §2371, 1347, 1956: 21 §333(e)(1), 841(a)(1) & (b)(1)(D) (Title and Section) and that I have been arrested in this district and

taken before a judge, who has informed me of the charge(s) and my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4) Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

( ✓ ) identity hearing

( ) preliminary hearing

( ) identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Defendant

February 22, 2007
*Date*

*Defense Counsel*

# UNITED STATES DISTRICT COURT

for the District of New Jersey

United States of America

V.

Daniel McGlone
Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 07-3025-01(PS)

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed directed. The defendant shall appear at (if blank, to be ____________ Place

____________ on ____________ Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence

(   ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of ____________ dollars ($ ____________) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( X ) (6) The defendant is placed in the custody of:

(Name of person or organization) Sandra ~~Marie~~ F. Moretta

(Address) 544 River Rd

(City and state) Chatham NJ 07928 (Tel. No.) 973-701-0322

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: Sandra Moretta (Custodian or Proxy) 2/22/07 (Date)

( X ) (7) The defendant shall:

( ✓ ) (a) report to Pretrial telephone ________, not later ________.

( X ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: $500,000.00 secured by ~~property acceptable to Pretrial Services~~ the available equity & $100,000 cash to be posted Local Rule waived

( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described ________.

( ) (d) execute a bail bond with solvent sureties in the amount ________.

( ) (e) maintain or actively seek employment.

( ) (f) maintain or commence an education program.

( X ) (g) surrender any passport to Pretrial Services w/in 24 hours

( X ) (h) obtain no passport or travel documents

( X ) (i) abide by the following restrictions on personal association, place of abode, or travel: Travel Restricted to NJ & Rhode Island for Court purposes only

( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: ________

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: ________

( ) (l) return to custody each (week) day as of ________ o'clock after being released each (week) day as of ________ o'clock for employment, schooling, or the following limited purpose(s): ________

( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (o) refrain ( ) any ( ) excessive use of alcohol.

( X ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( X ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( X ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( ) (i) Curfew. You are restricted to your residence every day ( ) from ________ to ________, or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( X ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ) (v) ________

( ) (w) ________

( ) (x) ________

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Signature of Defendant

Address

City and State Telephone

## Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date 2/22/07

Signature of Judicial Officer

Patty Shwartz U.S. Magistrate Judge
Name and Title of Judicial Officer

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

# U.S. District Court
# District of New Jersey [LIVE] (Newark)
# CRIMINAL DOCKET FOR CASE #: 2:07-mj-03025-PS-ALL

Case title: USA v. MCGLONE

Date Filed: 02/22/2007

---

Assigned to: Magistrate Judge Patty Shwartz

**Defendant**

**DANIEL MCGLONE** (1)

represented by **KEVIN F. CARLUCCI**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
972 BROAD STREET
NEWARK, NJ 07102
(973) 645-6347
Email: kevin_carlucci@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:371 Conspiracy to defraud the United States, 18:1347 Healthcare fraud, 18:1956 Money Laundering , 21:333 Prescription drug marketing

**Disposition**

---

**Plaintiff**

**USA**

represented by **SHANA W. CHEN**

OFFICE OF THE US ATTORNEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102
US
(973) 353-6095
Email: shana.chen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2007 | | Arrest (Rule 5) of DANIEL MCGLONE (aa, ) (Entered: 02/26/2007) |
| 02/22/2007 | 1 | Minute Entry for proceedings held before Judge Patty Shwartz :Initial Appearance in Rule 5 Proceedings as to DANIEL MCGLONE held on 2/22/2007 Appearance entered by KEVIN F. CARLUCCI for DANIEL MCGLONE on behalf of defendant., Bail Hearing as to DANIEL MCGLONE held on 2/22/2007, Bail set as to DANIEL MCGLONE (1) $500,000.00 secured by the available equity in a property acceptable to PTS and $100,000.00 cash, etc (Tape #S07-1.) (aa, ) (Entered: 02/26/2007) |
| 02/22/2007 | 2 | WAIVER of Rule 5 Hearings by DANIEL MCGLONE (aa, ) (Entered: 02/26/2007) |
| 02/22/2007 | 3 | ORDER Setting Conditions of Release as to DANIEL MCGLONE (1) $500,000.00 secured by the available equity in a property acceptable to PTS and $100,000.00 cash, travel restricted to New Jersey and Rhode Island for Court purposes only, drug testing/treatment, etc. Signed by Judge Patty Shwartz on 2/22/07. (aa, ) (Entered: 02/27/2007) |
| 02/22/2007 | | Appearance Bond Entered as to DANIEL MCGLONE in amount of $ 500,000.00 secured, (Agreement to forfeit property & Affidavit of Cash executed) (aa, ) (Entered: 02/27/2007) |



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/27/2007 10:26:34 | | | |
| **PACER Login:** | us6061 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-mj-03025-PS Start date: 1/1/1970 End date: 2/27/2007 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |