IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 07-2201S |
| v. | ) | |
| | ) | Violations: 18 U.S.C. §§ 2, 371, 1347, 1956; |
| DANIEL MCGLONE | ) | 21 U.S.C. §§ 333(e)(1), 841(a)(1) & (b)(1)(D) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) &(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, DANIEL McGLONE have reached the following agreement:

Defendant's Obligations.

1. Defendant will plead guilty to the following fifty counts of the Indictment:

(a) One count of conspiring to distribute human growth hormones and anabolic steroids in violation of 18 U.S.C. § 371 (Count 1);

(b) Six counts of distributing and aiding and abetting the distribution of human growth hormones, in violation of 21 U.S.C. § 333(e)(1) and 18 U.S.C. § 2 (Counts 6-11);

(c) Eleven counts of distributing and aiding and abetting the distribution of anabolic steroids, each of which is a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1)& (b)(1)(D) & 18 U.S.C. § 2 (Counts 17- 27);

(d) Two counts of health care fraud in violation of 18 U.S.C. §§ 2, 1347 (Counts 28, 29);

(e) Thirty counts of money laundering in violation of 18 U.S.C. § 1956 (Counts 49-77, 80).

2. Defendant admits he has assets that are subject to forfeiture pursuant to 21 U.S.C. §§ 333(e)(3) and 853 and 18 U.S.C. § 982, as set forth in Paragraphs 41-42 of the Indictment, and agrees to the following:

(a) to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past five year[s], or in which Defendant has or had during that time any financial interest. Defendant further agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. Defendant further agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of Defendant's tax returns for the previous five years;

(b) to forfeit any and all interests in $ 62,535.00 in United States Currency, in that this sum is the total amount of money involved in the transactions alleged in Counts 49-77 and 80 of this Indictment, pursuant to 18 U.S.C. § 982, in full satisfaction of the forfeiture allegation in Paragraph 42 of the Indictment.

(c) to forfeit any and all interests in $ 770,466.00, said amount constituting forfeitable proceeds that are traceable to, derived from, fungible with, or are substitute for property that constitutes the proceeds of Defendant's offenses, pursuant to 21 U.S.C. §§ 333(e)(3) & 851, in full satisfaction of the forfeiture allegation in Paragraph 41 of the Indictment[1];

(d) that the following property has been seized by the government, and will be retained by the government:

I. $87,982.29 from Commerce Bank (New Jersey) account number 7862768574;

---

1. The government and the defendant agree that if Mr. McGlone can establish that in 2004-2006 he has paid more than $90,344.00 in taxes on the proceeds obtained from American Pharmaceutical Group, the government will reduce the forfeitures by the amount of those additional taxes which have been paid to the United States Treasury and to the States of New Jersey and New York. If the government and the defendant do not agree, they leave the final determination to the Court.

ii. $39,240.49 from Commerce Bank (New Jersey) account number 7862768574;

iii. Check Number 9846 drawn on R-G Crown Bank (Florida) account number 0800041972 in the amount of $17,721.82;

iv. 2006 Red Dodge Viper, VIN #1B3JZ69Z96V100996; and,

v. 2002 Red Dodge Viper, VIN #1B3ER69E02V102936.

Defendant and the government agree that the total value of the currency and vehicles[2] already seized will be deducted from the total forfeiture amount. Defendant warrants that he is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of that property.

(e) to waive all interest in assets that are subject to forfeiture pursuant to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to the entry of orders of forfeiture for any such assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(f) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of

---

2. The government and the defendant agree that if they are not able to reach an agreement as to the value of the two Dodge Vipers referred to in paragraphs 2(d) iv & v, the final determination as to their value will be made by the Court.

illegal conduct, as property involved in illegal conduct, and as substitute assets for property otherwise subject to forfeiture.

3. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

(a) Defendant will meet with government representatives as often as necessary and provide complete and truthful information to them.

(b) Defendant will appear and testify completely and truthfully in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings.

(c) Defendant understands that any and all statements, information, and testimony Defendant provides must at all times be complete and truthful. If, at any time, Defendant wilfully provides any false statement, information, or testimony, Defendant shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

Government's Obligations.

4. In exchange for Defendant's plea of guilty, the government agrees to recommend:

(a) that the Court impose a term of imprisonment at the lowest point of the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), including probation or a "split-sentence," if permitted;

(b) a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing;

(c) if the offense level is 16 or greater, and Defendant enters a plea of guilty pursuant to this Plea Agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial;

(d) The government is free to recommend any combination of supervised release and restitution which it deems appropriate; and,

(e) The government agrees not to recommend an additional fine.

5. The government will, at the time of sentencing, move to dismiss Counts 2-5, 12-16, 30-48, and 78-79 of the Indictment.

6. If the government, in its sole discretion, determines that Defendant has provided substantial assistance to the government in the investigation or prosecution of another person, in the District of Rhode Island or elsewhere, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline sentencing range. Defendant understands that the decision whether to file such a motion is solely up to the United States Attorney's Office and the decision whether, and to what extent, to grant it is solely up to the Court. The government has not made any promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

Stipulations

7. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. §

3553(a). Defendant understands that under the United States Sentencing Guidelines (the "guidelines"), defendant's guideline calculation may be determined based on the quantities of controlled substances and human growth hormones involved in the offense, including controlled substances, human growth hormones, and currency that constitute "relevant conduct" under guidelines section 1B1.3. Defendant stipulates to the following facts and agrees that if the matter had gone to trial, the government would be able to prove these facts beyond a reasonable doubt:

(a) the controlled substances involved in this case are anabolic steroids, Schedule III controlled substances, including, Testosterone, Testosterone Cypionate, Testosterone Propionate, Testosterone Enanthate, Stanozolol, Nandrolone Decanoate, and any analogs thereof;

(b) the human growth hormone involved in this case is Somatropin variously known as Saizen or Somatotropin, or any analog thereto;

(c) the total amount of anabolic steroids and growth hormones that were distributed in the course of this conspiracy is estimated to be in excess of 40,000 units;

(d) the total amount of proceeds for the offenses charged in Counts 1, 6-11, 17-27,as well as relevant conduct, is $860,810.00, in that this sum represents the amount of proceeds obtained from Signature Pharmacy and individual customers in connection with this case;

(e) the total value of laundered funds for which the Defendant is responsible pursuant to the charged conduct and relevant conduct is $85,535.00; and,

(f) Defendant was a manager or supervisor of a criminal activity, pursuant to U.S.S.G. § 3B1.1(c).

8. In light of the factual stipulations contained in the preceding paragraph, the Government and the Defendant agree to the following Guideline calculation:

Counts 1, 6-11, 17-27 - Conspiracy and Distribution of Controlled Substances and HGH

A. Base Offense Level: 20, U.S.S.G. §§ 2D1.1(a)(3)

B. Specific Offense Characteristics: +2 U.S.S.G. §§ 2D1.1(b)(5)

+2 U.S.S.G. §§ 2D1.1(b)(6)

C. Unadjusted Offense Level: 24

Counts 28-29 - Health Care Fraud

A. Base Offense Level: 6, U.S.S.G. §§ 2B1.1(a)(2)

B. Specific Offense Characteristics: 4, U.S.S.G. §§ 2B1.1(b)(1)(c).

C. Unadjusted Offense Level: 10

Counts 49-77, 80 - Money Laundering Offenses

A. Base Offense Level: 16 (8 + 8), U.S.S.G. §§ 2S1.1(a)(2), 2B1.1(b)(1)(E).

B. Specific Offense Characteristics: +6, U.S.S.G. §§ 2S1.1(b)(1)

+2, U.S.S.G. §§ 2S1.1(b)(2)(B)

C. Unadjusted Offense Level: 24

GROUPING RULE: The Government and the Defendant agree that the offenses in Counts 1, 6-11, 17-27, 49-77, and 80 should be grouped together pursuant to U.S.S.G. § 3D1.2 (c) & (d). The Government and the Defendant agree that Counts 28-29 do not increase the Combined Offense Level pursuant to U.S.S.G. § 3D1.4(c).

ROLE IN THE OFFENSE: + 2 U.S.S.G. § 3B1.1(c).

ACCEPTANCE OF RESPONSIBILITY - 3 U.S.S.G. § 3E1.1

Total Offense Level: 23.

The Defendant and the United States believe that Defendant's Criminal History Category, based on information presently available, is CH I. Accordingly, the parties believe that the guideline range in this case is 46-57 months.

9. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation. The defendant understands that the Court is not bound the parties' stipulations of the guidelines calculations above.

Statutory Penalties

10. The maximum statutory penalties for the offense to which defendant is pleading are as follows:

______(a). __COUNT I (18 U.S.C. § 371): 5 years imprisonment; a fine of up to $250,000; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

(b). COUNTS 6-11 (21 U.S.C. § 333(e)):5 years imprisonment; a fine of up to $250,000; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

(c). COUNTS 17-27 (21 U.S.C. § 841(a)(1) & (B)(1)(D)): 5 years imprisonment; a fine of up to $250,000; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

______(d).____COUNTS 28-29 (18 U.S.C. § 1347):10 years imprisonment; a fine of up to $250,000, or twice the gain or loss from the fraud; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.00.

______(e).____COUNTS 49-77,80 (18 U.S.C. § 1956): 20 years imprisonment; a fine of up to $500,000 or twice the gain or loss from the fraud; a term of supervised release of up to 3 years; and, a mandatory special assessment of $100.00.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 710 years imprisonment; a fine of $ 20,000,000; and a term of supervised release of 150 years. Which sentences may be imposed consecutively by the Court. The mandatory special assessment totals $5000.

General Provisions

11. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so at or prior to the time of the change of plea hearing, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

12. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

13. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

14. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

15. Except for paragraphs 4, 7, and 8 above, the parties have made no agreement concerning the application of the guidelines in this case.

16. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound

by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

17. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is four years or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

18. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

19. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

20. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter

this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

21. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

22. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| DANIEL MCGLONE<br>Defendant | 7-6-07<br>Date |
| ROBERT MANN<br>Counsel for Defendant | 7-9-07<br>Date |
| ADI GOLDSTEIN<br>Assistant U.S. Attorney | 7-9-07<br>Date |
| STEPHEN G. DAMBRUCH<br>Chief, Criminal Division | 07/09/2007<br>Date |