# 2006 Steroids Report

Prepared by
the Steroids Working Group
United States Sentencing Commission

March 2006

### 6. Commission Data Analysis

Between 2001 and 2005, a total of 46 offenders were sentenced under the drug trafficking guideline for steroid trafficking offenses. The number of cases received during each period of time is as follows: (1) 11 cases in Fiscal Year 2001; (2) 8 cases in Fiscal Year 2002; (3) 9 cases in Fiscal Year 2003; (4) 8 cases in Fiscal Year 2004 pre-*Blakely;*[143] and (5) 10 cases in Fiscal Year 2005 post-*Booker*.[144]

A total of 24 federal judicial districts were involved with these cases. The Eastern District of New York, with 6 cases, and the Western District of Texas, with 5 cases, reported the most cases over this period.

Offenders were male (44 of the 45 cases for which gender was known) and mostly U.S. citizens (80.0%, n=36). Half (n=23) were under thirty years of age. Three offenders were over 50 years of age and 68.9 percent had some college education or had completed college.

Base offense levels assigned under USSG §2D1.1 ranged from level 6 to level 20 but over half (56.5%, n=26) of the cases had base offense levels of 6 (n=14) or 8 (n=12). Weapon involvement in the offense was rare, as only 3 offenders (6.5%) received an enhancement, either statutorily or under the guidelines, for this conduct. Penalty adjustments in Chapter Three of the guidelines rarely were applied, other than 3E1.1 (Acceptance of Responsibility). Acceptance of responsibility was credited in 41 (89.1%) of the cases. Most offenders (78.3%, n=36) were in Criminal History Category I, indicating minimal or no prior criminal justice involvement.

Most offenders (72.7%, n=32) were sentenced within the guideline range, one case received an upward departure, three received a downward departure, and eight (18.2%) received a downward departure under USSG §5K1.1 for providing substantial assistance to authorities. Over half (56.5%, n=26) of these cases received a probation-only sentence. Fourteen of these

---

[143] The pre-*Blakely* period refers to that portion of Fiscal Year 2004 from October 1, 2003, until June 24, 2004, the date of the Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* invalidated the Washington State guideline sentencing scheme because facts enhancing the defendant's sentence under that scheme were not put before the jury. The impact of *Blakely* on the federal scheme is difficult to measure, which may produce unreliable results in the data. Accordingly, this analysis uses only that portion of Fiscal Year 2004 data which predates the *Blakely* decision.

[144] The post-*Booker* period refers to that portion of Fiscal Year 2005 from January 13, 2005, the date of the U.S. Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), through September 30, 2003, the end of the fiscal year. In *United States v. Booker*, the Supreme Court applied the ruling in *Blakely* to the federal guidelines. For the reasons stated in footnote 138, *supra*, this analysis uses only that portion of Fiscal Year 2005 data which postdates the *Blakely* decision.

cases received a prison sentence with an average sentence of 14.5 months (median sentence is 6 months).

## IV. CONCLUSION

The Commission appreciates congressional concern about the dangers associated with steroids offenses and the need for the penalties imposed to reflect the seriousness of these offenses and the need to deter anabolic steroid trafficking and abuse. In implementing the congressional directive to the Commission in the Anabolic Steroid Control Act of 2004 to consider increasing penalties for such offenses, the Commission undertook to update its previous research on steroids offenses and penalty structures.

This additional research revealed that steroid offenses are characterized by the same patterns of use, prevalence, and harms associated with steroid use as was the case in 1990, when the Commission first studied steroid offenses. The research also revealed, however, that steroids are now considered potentially addictive, with documented withdrawal symptoms, and are capable of being more widely distributed than before through the use of the Internet and involve international sources.

This information is important to the Commission's consideration of the appropriate penalties for steroids offenses, as it implements the directive in the Anabolic Steroid Control Act of 2004 and also ensures, pursuant to 28 U.S.C. § 991(b), that such penalties promote the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).